[L. A. No. 1295.   In Bank.—October 12, 1903.]

# CHRISTINA JONES, Respondent, v. WILLIAM A. JONES, and WILLIAM C. SIMPSON, Appellants.

TRUSTS—CONVEYANCE BY WIFE TO HUSBAND—FIDUCIARY RELATION— VIOLATION OF PAROL PROMISE—CONSTRUCTIVE FRAUD.—A husband stands in a fiduciary relation to his wife, and where he received a conveyance from her of her real property, without consideration other than a parol promise by him to carry out an oral trust by ousting a tenant from her property, his violation of the terms of the trust is a constructive fraud, and makes him an involuntary trustee of the land for the use of his wife, and gives her the right to have the deed declared void, and to a decree that the land is her property notwithstanding the execution of the deed.

ID.—CONVEYANCE BY HUSBAND—WANT OF CONSIDERATION—NOTICE OF TRUST.—Where the husband, instead of personally carrying out the terms of°the parol trust, conveyed his wife's land to a third person, upon the same oral trust upon which his wife had conveyed the property to him, who thereafter fraudulently claimed the property as his own, said third person stands in no better position than the husband, and the wife may enforce her rights as against him.

ID.—COMPLAINT—CHARGE OF CONSPIRACY TO DEFRAUD—FINDINGS— SUPPORT OF JUDGMENT.—A charge in the complaint by the wife of conspiracy between her husband and such third person to defraud her, which is negatived by the findings, is not necessary to support a judgment enforcing her rights in the property conveyed. It is sufficient that the facts admitted and found show that the husband could not hold and treat the property as his own against the wish of his wife, in violation of his promise, express or implied, to fulfill the terms of the oral trust created by her, and that the grantee of the husband took without consideration, and with notice of the trust.

ID.—CONVEYANCE INDUCED IN PART BY ATTORNEY.—The fact that the conveyance to the husband was induced in part by an attorney does not affect the case, whether the attorney was her own or that of her husband. In either case the husband cannot be thereby exonerated from his implied promise to fulfill the purpose of the trust reposed in him by the wife.

ID.—FORM OF DECREE — RECONVEYANCE — CANCELLATION — QUIETING TITLE.—Though the decree adjudging that the plaintiff was the owner of the land might have been drawn for a reconveyance, or might have ordered a cancellation of the deeds, it was not necessary to do either; and the defendants, neither of whom had any beneficial interest in the land, cannot be injured by a decree declaring plaintiff the owner and quieting her title as against them.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order denying a new trial. Waldo M. York, Judge.

The facts are stated in the opinion.

Halsey W. Allen, for Appellants.

The complainant not having the legal title, which was in the defendant Simpson, could not maintain an action to quiet title, and the decree cannot be supported. (*Misner* v. *Ayers,* 83 Cal. 39; *Fiducar* v. *East Riverside Irr. Dist.,* 109 Cal. 31; *Van Drachenfels* v. *Doolittle,* 77 Cal. 295; *Bryan* v. *Tormey,* 84 Cal. 126; *Furst* v. *Spiltz,* 121 U. S. 552.)

John M. Miller, and C. E. Joslin, for Respondent.

The decree is just (*Brison* v. *Brison,* 75 Cal. 525;[1] *Alaniz* v. *Casenave,* 91 Cal. 41); and the appellants are not injured by the form of it. If they are anxious to make a reconveyance, why did they not voluntarily make it, and prevent this litigation? This court has ample power to modify the decree, if it thinks best to do so. (*Kendall* v. *Vallejo,* 1 Cal. 371; *Gahan* v. *Neville,* 2 Cal. 81; *Union W. Co.* v. *Murphys F. F. Co.,* 22 Cal. 632; *Love* v. *Shartzer,* 31 Cal. 487.) The judgment should be affirmed, with costs and damages.

S. P. Mulford, and Parker & Tappan, Attorneys of Record for Respondent.

SHAW, J.—This was an action to have declared void two deeds for a tract of land, one executed by the plaintiff to the defendant Jones, and another executed by the defendant Jones to the defendant Simpson, and for a decree that the plaintiff is the owner in fee of the property, and that neither Jones nor Simpson has any interest therein. The appeal is from the judgment-roll, and from an order denying the defendants' motion for a judgment in their favor on the findings. The following facts alleged in the complaint are found to be true, to wit: That the plaintiff and the defendant Jones were at all the times in question husband and wife; that the plaintiff was the owner of the tract of land in controversy; that on the 19th of September, 1900, the plaintiff was largely

---

[1] 7 Am. St. Rep. 189.

influenced by the advice and counsel of her said husband as
to the control and management of the said property; that upon
that day, for the purpose of enabling the defendant Jones
to maintain an action on behalf of plaintiff to oust a tenant
from the possession of said property, plaintiff executed a deed
purporting to convey to the defendant Jones the said prop-
erty, for which the said defendant paid no consideration;
that on the 29th of September, 1900, the defendant Jones,
without any consideration, conveyed the property to the de-
fendant Simpson, the said conveyance being made for the
purpose of enabling the said Simpson to institute and main-
tain the action for and on behalf of the plaintiff to recover
the possession of said property from the said tenant; that
thereafter, and before the beginning of the action, said Simp-
son fraudulently claimed to be the owner of the said property
in his own right, and denied that the plaintiff had any interest
therein or title thereto; that about the 1st of December, and
on several other occasions afterwards, the plaintiff demanded
of the defendants a reconveyance of said property, but the de-
fendants refused, and Simpson still continues fraudulently
to claim and hold the property as his own.

There are allegations in the complaint to the effect that
both Jones and Simpson at the time they procured the con-
veyances had a design to defraud the plaintiff of her property,
and that all their actions were in pursuance of this design.
These allegations as to their intent at that time are negatived
by the findings. The court finds that at the time the convey-
ances were made they were acting in good faith and for the
purpose of carrying out the object for which the conveyances
were made,—namely, to bring an action on behalf of the plain-
tiff to oust from the possession of the property the tenant who
was in possession. It is also alleged that the defendant Jones
falsely represented to the plaintiff that it was necessary that
a conveyance should be made to some other person in order
that an action might be begun to oust the tenant. The court
finds that this was not in its strict letter true, but that the
conveyance to Jones was made upon the advice of an attorney,
who, in the presence of her husband, advised her that she
could not maintain the action in her own name, and that it
would be necessary to transfer the title to some other person

for the purpose of bringing the action, and that in pursuance of this advice the plaintiff executed the deed. The court upon the findings made gave judgment in favor of the plaintiff to the effect that she was the owner of the premises; that neither of the defendants had any right, title, or interest thereto, and that they and each of them be enjoined from asserting any claim thereto.

The allegations of the complaint which are negatived in the findings are not necessary to support the judgment, and the facts admitted and found are sufficient. The plaintiff and the defendant Jones were husband and wife, and, owing to the confidential relations thus existing, the husband could not take the property under the circumstances and hold it as his own against the wish of his wife. Where a grantee and grantor of land stand in fiduciary relations to each other,— as husband and wife, for example,—and the deed is executed without consideration other than the promise, express or implied, of the grantee to hold the land for the purpose of carrying out an express trust in favor of the grantor, which is not put in writing, and is therefore invalid as an express trust in land, the confidence which induced the transaction having actually or presumably arisen from the fiduciary relations, the violation by the trustee of the terms of the parol agreement as to the express trust constitutes a constructive fraud, makes the grantee an involuntary trustee of the land for the use of the grantor, and gives the grantor the right to have the deed declared void and to a decree that the land is the property of the grantor, notwithstanding the execution of the deed. (*Feeny* v. *Howard,* 79 Cal. 525;[1] *Brison* v. *Brison,* 75 Cal. 525;[2] *Alaniz* v. *Casenave,* 91 Cal. 41; *Hayne* v. *Herman,* 97 Cal. 262.) The case is almost exactly parallel to that of *Alaniz* v. *Casenave,* 91 Cal. 41. In that case, also, the transaction was honest in its inception, and the defendant afterward conceived and attempted to carry out the design repudiating the trust and holding the land as his own. The court held that this constituted a fraud in contemplation of law, and created an involuntary trust in favor of the grantor. The fact that the conveyance was in part induced by the statement of the attorney does not affect the case. It does not appear that he

[1] 12 Am. St. Rep. 162.          [2] 7 Am. St. Rep. 189.

was employed by the plaintiff; and even if he had been so employed, it would not exonerate the husband, who, by accepting the deed upon the statement made in his presence of the purposes for which he was to hold the land, became a party to the transaction, and by implication promised to fulfill the purpose of the trust. Simpson took the land without consideration and with notice of the trust, and stands in no better position than the defendant Jones.

The decree that the plaintiff was the owner of the land was substantially correct. It might have been drawn for the execution of a reconveyance, or it might have ordered the cancellation of the deeds; but it was not necessary to do either, for the decree as drawn would have the same effect on the rights of the parties and the title to the land. (*Kittle* v. *Bellegarde,* 86 Cal. 564.) Even if it were erroneous in this respect, the error would not be prejudicial, and should be disregarded. (Code Civ. Proc., sec. 475.) The defendants would, under the facts shown, be holding as mere trustees, without any beneficial interest, and they cannot be injured by a decree declaring the plaintiff the owner and quieting her title as against their claims.

The judgment and order are affirmed.

Angellotti, J., Van Dyke, J., McFarland, J., Henshaw, J., and Lorigan, J., concurred.