[Civ. No. 2037. First Appellate District.—April 24, 1917.]

## ANNIE HILLYER et al., Appellants, v. W. J. HYNES, as Administrator, etc., Respondent.

CONSTRUCTIVE TRUST—BREACH OF PROMISE TO CONVEY REAL PROPERTY.—Where a wife being severely ill and not expecting to live makes a deed of gift of real property to her husband upon his express oral promise that he would in turn execute a deed of gift of the property to a niece of the former husband of the grantor and place the same in escrow to be delivered upon his death, his failure to perform his promise impresses the property with a constructive trust in favor of the niece.

ID.—ACTION TO ENFORCE PROMISE—STATUTE OF LIMITATIONS.—An action to enforce such a promise is one to recover real property and is therefore subject to the five year limitation provided by section 318 of the Code of Civil Procedure.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco, and from an order denying a new trial. Daniel C. Deasy, Judge.

The facts are stated in the opinion of the court.

Stafford & Stafford, and W. M. Stafford, for Appellants.

Cullinan & Hickey, for Respondent.

KERRIGAN, J.—This is an appeal by the plaintiffs from a judgment in favor of the defendant and from an order denying their motion for a new trial.

The complaint alleges that on the twenty-seventh day of September, 1909, Anna Flanigan Romoser was the owner of the real property here in controversy; that shortly before that date, being severely ill and not expecting to live, she entered into an arrangement with her husband, Henry Romoser, whereby she was to execute and deliver to him a deed of gift of said real property, and he in turn was to execute a like deed conveying the property to Catherine Meyers, a niece of Mrs. Romoser's former husband, and place the same in escrow, to be delivered upon his death; that accordingly Mrs. Romoser executed her deed to Henry Romoser, and that he continued to own the property to the

time of his death; that while he made and signed the promised deed of gift to said niece he never actually delivered it to her nor in escrow for her, without, however, ever repudiating his agreement so to do. This failure of Romoser to keep his agreement is charged in the complaint as fraudulent; and it then proceeds to allege that he died intestate on January 24, 1914, and that the defendant is the administrator of his estate; that Catherine Meyers died intestate on December 28, 1910, leaving as her only heirs the plaintiffs. The prayer of the complaint in part is that the defendant be declared to hold the property in trust for plaintiffs, and that he be required to convey the property to them, and that their title be quieted as against said defendant, administrator of the estate of Henry Romoser.

All the material allegations of the complaint are denied in the answer; and in addition the defendant alleges that the plaintiffs' cause of action is barred by subdivision 4 of section 338 of the Code of Civil Procedure, by subdivision 1 of section 339, and by section 343 of said code.

In addition to finding generally for the defendant the trial court also found that plaintiffs' cause of action was barred by the provisions of subdivision 4 of section 338 of the Code of Civil Procedure, as pleaded.

From the evidence it appears without dispute that Mrs. Romoser died in March, 1910; that on September 27, 1909, being very ill she sent for her attorney, and informed him that she desired to make a conveyance of the property in controversy; that as she had acquired it from her first husband, Lawrence Flanigan, she thought it only fair to give the same to Mrs. Catherine Meyers, a niece and only living relative of said Lawrence Flanigan; but that she also believed it was her duty to her present husband—who was old and without income—to reserve for him a life estate in the property. She directed her attorney to draw a deed which would carry into effect these desires. It was accordingly drawn, and when presented to her for execution it transpired that since giving the above instructions she had been advised by one Father Casey that it would be better for her to make a deed of gift of the property to Henry Romoser, and have him make a like deed to Mrs. Meyers, placing the latter in escrow with Father Casey, to be delivered to the grantee upon Henry Romoser's death. Her attorney expressed his

disapproval of this method of carrying out her desires; nevertheless when she learned that it was legally unobjectionable she instructed him to pursue it. Accordingly a deed of gift conveying the property from Mrs. Romoser to her husband was made and delivered to him with the distinct understanding and promise by Henry Romoser that he would make a deed to the property in favor of Mrs. Meyers. At the same time the attorney requested Romoser to call at his office for the purpose of executing this deed. This he did about a month later, but no delivery of it was made, either to the grantee or in escrow for her, and the record does not disclose what became of it.

Henry Romoser died on January 2, 1914, predeceased by Mrs. Meyers, without having delivered, either to her or in escrow for her, the promised deed.

Being husband and wife, Henry Romoser and Anna Flanigan Romoser occupied a confidential relation toward each other; and whatever may have been his intention at the time Mrs. Romoser made said conveyence of property to him he received it upon his express oral promise that he would in turn execute a deed to Mrs. Meyers and place the same in escrow. His failure to do so was a betrayal of her confidence; it was a violation of trust, and, under the authorities in this state, impressed the property with a constructive trust in favor of Catherine Meyers or her heirs which a court of equity will enforce. (*Brison* v. *Brison,* 90 Cal. 323, [27 Pac. 186]; *Dimond* v. *Sanderson,* 103 Cal. 97, 102, [37 Pac. 189].)

In the former case the court decided two propositions: (a) If a party, by means of a parol promise made without any intention of performing it, obtains an absolute deed without consideration, it is a case of actual fraud. (b) If a party by means of such parol promise to reconvey obtains an absolute deed to real property without consideration from one who stands in a confidential relation, the violation of the promise is constructive fraud, even if at the time it was made there was an intention to perform it.

In the case of *Jones* v. *Jones,* 140 Cal. 587, 590, [74 Pac. 143, 144], the court said: "Where a grantee and grantor of land stand in a fiduciary relation to each other—as husband and wife for example, and the deed is executed without consideration other than the promise expressed or implied of the grantee to hold the land for the purpose of carrying out an

express trust in favor of the grantor, which is not put in writing, and is therefore invalid as an express trust in land, the confidence which induced the transaction having presumably arisen from the fiduciary relations, the violation by the trustee of the terms of the parol agreement as to the express trust constitutes a constructive fraud, makes the grantee an involuntary trustee of the land for the use of the grantor, and gives the grantor the right to have the deed declared void and to a decree that the land is the property of the grantor, notwithstanding the execution of the deed.''

In the case of *Cooney* v. *Glynn*, 157 Cal. 583, [108 Pac. 506], it is said: ''It has been established by a number of decisions in this state that where confidential relations exist between two parties, and one of them executes a conveyance of real estate to the other upon a parol promise by the other that he will hold it for the benefit of the grantor, or for the benefit of some third person in whom the grantor is interested, there being no other consideration for the conveyance, a trust arises by operation of law in favor of the grantor, or in favor of the third person for whom the property is to be held. It is the violation of the parol promise which constitutes the fraud upon which the trust arises.''

The evidence in the case at bar is not only uncontradicted, but it is clear and convincing that Henry Romoser accepted the conveyance of the property from his wife with the distinct oral agreement that he would in turn make a conveyance of the same to Catherine Meyers and place the deed in escrow, to be delivered to her upon his death, and the finding to the contrary therefor cannot be sustained.

The only other point in the case worthy of more than passing notice is the one as to the statute of limitations. As before stated, this action was commenced within five years, but after the expiration of four years, after the deed was made and delivered by Mrs. Romoser to her husband, at which time the latter ought to have taken steps to carry out his part of the agreement by which he acquired an interest in the property. The plaintiffs, neither in the complaint nor in the evidence introduced by them, attempted to bring their case within the provisions of subdivision 4 of section 338 of the Code of Civil Procedure, which provides that an action grounded in fraud or mistake must be brought within three years after the discovery by the aggrieved party of the facts

constituting the fraud or mistake. And assuming that this is an action to declare and enforce a constructive trust (*Jones* v. *Jones,* 140 Cal. 587, 590, [74 Pac. 143]), and that it is consequently, as to the period within which it may be brought, governed by section 343 of said code (*Norton* v. *Bassett,* 154 Cal. 411, [129 Am. St. Rep. 162, 97 Pac. 894]), to the effect that an action for relief not otherwise provided for must be commenced within four years after the cause of action shall have accrued, still we think that the statute has not operated· in this case for the reason that the time could not be held to have commenced to run until Catherine Meyers had notice of the transaction, and it appears from the record that she had no such notice until about March 4, 1910, just after the death of Mrs. Romoser, at which time the surviving husband in effect recognized the trust, and stated that upon his death the property was to go to her. We think, however, that while the main ground of the action is constructive fraud, and that one of its purposes is to enforce a trust, in its 'final purpose it is an action to recover the title and possession of real property, and is therefore subject to the provisions of section 318 of the Code of Civil Procedure. Accordingly ·the five-year period prescribed by that section is the only limitation which can be applied in bar of plaintiffs' cause of action. (*Murphy* v. *Crowley,* 140 Cal. 141, [73 Pac. 820]; *Bradley Bros.* v. *Bradley,* 20 Cal. App. 1, 6, [127 Pac. 1044]; 25 Cyc. 1026.) That section provides that no action for the recovery of real property or for the recovery of the possession thereof can be maintained, unless it appears that the plaintiff, his ancestor, predecessor, or grantor was seised or possessed of the property in question within five years before the commencement of the action; and while it appears that neither the plaintiffs nor any grantor or ancestor of theirs was ever seised or possessed of the property, we think that under the circumstances of this case Henry Romoser may well be considered as the predecessor of the plaintiffs within the meaning of the section, since if he had carried out the terms of the understanding by virtue of which he acquired an estate in the property he· would have conveyed it to the plaintiffs or their intestate, and thus have been literally their predecessor in interest. It is the estate which in equity passed to the plaintiffs upon the death of Henry Romoser which they seek by this action to recover.

There is nothing in the point that the heirs of Henry Romoser should have been joined as parties defendant to the action, for it appears that he had no heirs.

The judgment and order are reversed.

Lennon, P. J., and Richards, J., concurred.