R. IRVING WOOD, In Equity,

*vs.*

ARTHUR O. WHITE.

Piscataquis.    Opinion September 20, 1923.

*Findings of fact by a single Justice unless manifestly erroneous are presumed by the Law Court to be correct; but there is no presumption in favor of the correctness of his conclusions of law.*

The single Justice who heard the case found the facts to be as claimed by the plaintiff and ruled that the defendant holds one half the property involved in trust for the plaintiff.

For want of written evidence no enforcible express trust appears, and the ruling cannot be sustained on the ground that a resulting trust is shown, for the plaintiff paid but a very small part of the consideration.

But a constructive trust is sufficiently proved. There existed between the parties a confidential or fiduciary relation. The defendant secured the advantage, which he seeks unconscientiously to retain, by abusing the trust and confidence reposed in him by his son-in-law who was his business associate.

On appeal. A bill in equity to determine and protect plaintiff's interest in certain real estate situate in Milo, the title to which is in the defendant, but plaintiff claiming that defendant holds an one half interest in said real estate in trust for him. A hearing was had upon

the bill, answer, replication and proofs and the sitting Justice found for the plaintiff and defendant entered an appeal.    Appeal dismissed. Decree below affirmed.

The case is stated in the opinion.

*Hudson & Hudson,* for the plaintiff.

*Leon G. C. Brown and J. S. Williams,* for defendant.

SITTING:  CORNISH, C. J., HANSON, PHILBROOK, MORRILL, WILSON, DEASY, JJ.

DEASY, J.    In March, 1921, the defendant received a conveyance of real estate, in Milo.    The deed is absolute in form but the plaintiff by his bill alleges that it is, in intent and effect, a trust deed and that the defendant holds the title for the benefit of the plaintiff and himself jointly and equally.

The single Justice who heard the case found in favor of the plaintiff decreeing· "that said respondent Arthur O. White does hold title to one undivided half of the real estate, as described in said bill, in trust for the plaintiff the said R. Irving Wood."    From this decree the defendant appeals.

Unlike a motion or exception, an equity appeal authorizes the Law Court to determine facts and law and to direct a decree in accordance with such determination.    But findings of fact by a single Justice unless manifestly erroneous are sustained by the Law Court.

There rested upon the plaintiff the burden of proving the trust and of proving it by full, clear and convincing evidence.    The single Justice found this burden sustained.    He found the facts to be as claimed by the plaintiff.    The finding was not manifestly wrong.

The R. S., Chap. 78, Sec. 17 provides that "There can be no trust concerning lands except trusts arising or resulting by implication of law unless created or declared by some writing signed by the party or his attorney."

This statute recognizes the two general classes of trusts, express and implied.    Express trusts must be signed by a writing duly signed. In the instant case that element is lacking.    If the trust now under consideration is to be sustained as an express trust, or not at all it fails for want of written proof, however clearly it may be orally established.    The exceptions in the statute, (trusts requiring no writing) are implied trusts.    These are of two fundamentally differ-

ent kinds, to wit, resulting and constructive. The former carry into effect the presumed intent of the parties. The latter defeat the intent of one of the parties.

The decree in this case cannot be sustained on the ground that a resulting trust is shown. Such a trust is created when property is conveyed to one person and the whole consideration (*Wentworth* v. *Shibles,* 89 Maine, 167) or some definite fractional part thereof (*Lawry* v. *Spaulding,* 73 Maine, 32) is paid by another.

The plaintiff in this case paid $400.00 of a total consideration of $6,000.00. The defendant says that the $400.00 was not paid as a part of the consideration, but was a loan subsequently repaid. Accepting the plaintiff's testimony, however, and giving it its full face value a resulting trust is shown only to the extent of one fifteenth of the property.

Constructive trusts, the second species of implied trusts, are based upon fraud, abuse of a confidential relation, oppression or mistake.

A constructive trust cannot be predicated alone upon a broken promise to hold land in trust, though such promise be fully proved and based upon an adequate consideration. Such a promise creates an express trust which to be valid must be in writing. *Anderson* v. *Gile,* 107 Maine, 332. *Silvers* v. *Howard,* Kan., 190 Pac. 1, *Chandler* v. *Riley,* (Tex.), 210 S. W.; 720. *Down* v. *Down,* (N. J.), 82 Atl., 325.

"The fraud upon which the court acts in such cases must be something more than that which in a moral sense arises from a mere breach of an oral agreement." *Wood* v. *Rabe,* 96 N. Y., 426. See 39 Cyc., 178 and cases cited.

But fraud or abuse of a confidential relation gives rise to a constructive trust, none the less because accomplished by or accompanied by a parol promise which is as such unenforcible. *Bank* v. *Tracy,* 115 Maine, 439; *McNinch* v. *Trust Co.,* (N. C.), 110 S. E., 667; *Wood* v. *Rabe,* supra; *Silvers* v. *Howard,* supra; *Hillyer* v. *Hymes,* (Cal.), 165 Pac. 718; *Faville* v. *Robinson,* (Tex.), 227, S. W., 938; *Miller* v. *Miller,* (Ill.), 107 N. E., 824; 39 Cyc., 178 and cases cited.

Stripped of non-essentials the facts as testified to by the plaintiff and his witnesses and which the justice who saw and heard them found to be true are as follows: The plaintiff has a store in the Farrar Block at Milo. The owner (Farrar) had an opportunity to sell the building. The plaintiff, presumably to avoid possible eviction, determined to try to buy the store occupied by himself. He procured

from Farrar an oral option of purchase, covering the whole building at the price of $11,000.00. He secured a purchaser (Carpenter) for a part of the building, apparently the less valuable part, for $5,000.00. He was unable to alone finance the purchase of the remainder. Thereupon he applied to the defendant, his wife's father. The latter agreed to take up the option, to provide the bulk of the necessary funds, to take title in his own name, to hold the title for the benefit of the plaintiff and himself in equal shares, to execute a declaration of trust to this end and when the plaintiff had paid one half the cost to convey to him one half the property.

The seller had no dealings directly with White. In response to a telephone message he went to the office of an attorney who told him that "Mr. White was going in with Wood." Thereupon the deed running to White was drafted by the attorney and executed by Farrar. Of the consideration $5,000.00 was paid by Carpenter, $4,000.00 was secured by the defendant on mortgage of the store, $1,600.00 paid by the defendant and $400.00 by the plaintiff. Subsequently the defendant refused to execute a declaration of trust, repudiated his trusteeship and claimed that the $400.00 was not paid by Wood as a part of the consideration, but was a loan which was afterward repaid.

Notwithstanding that the defendant denied making the alleged agreement, the justice who heard the case found the facts as claimed by the plaintiff, and summarized above, to be true. His finding was not clearly erroneous.

Whether the facts establish an enforcible trust is a question of law which the Law Court considers de novo. There is no presumption in favor of the correctness of such legal conclusions. *O'Leary* v. *Menard*, 118 Maine, 27.

No enforcible express trust is proved. No resulting trust is established, or at all events none as to more than one fifteenth of the property. There seems to have been no fraud practiced in the ordinary sense of misrepresentation, deception or chicanery and no duress or mistake is shown.

But on the ground that the defendant abused a confidential relation we think that his appeal must be dismissed.

In its ordinary acceptation a confidential relation is that relation that exists between attorney and client, guardian and ward, and the like. But the true definition of the term is much broader.

"A person is said to stand in a fiduciary relation to another when he has rights and duties that he is bound to exercise for the benefit of that other person." *Dick* v. *Albers*, (Ill.), 90 N. E., 685.

"Whenever one person is placed in such relation to another . . . that he becomes interested for him or interested with him in any subject of property or business he is prohibited from acquiring rights in that subject antagonistic to the person with whose interests he has become associated." Judge Sanborn in *Trice* v. *Comstock*, 121, Fed., 627.

The above quoted definitions fit the facts in the case. Applying the foregoing definition adopted by the Federal Court it appears that the defendant and plaintiff had become interested together, associated together in the plan to purchase the store. White so understood. It is found as a fact that he agreed to it. Wood so understood. His testimony to that effect was believed by the judge who saw and heard both parties. The attorney who did the business so understood. He informed Farrar the seller that "Mr. White was going in with Wood" and Farrar so understood as is apparent from his testimony. The defendant is "prohibited from acquiring rights in that subject antagonistic to the person with whose interests he has become associated."

This is not a case of a mere promise to hold property in trust. It is a case where one woman's husband and her father entered into a business venture as associates, practically as partners and where one abused the confidence and trust reposed in him by the other.

Two Maine cases lend support to this opinion. In each a constructive trust was held established. *Gilpatrick* v. *Glidden*, 81 Maine, 150. (Devise to wife upon her promise to devise remainder to the testator's heirs.)

*Bank* v. *Tracy*, 115 Maine, 439. (Conveyance upon oral condition that grantee would devise property to grantor's children).

In several cases in other states an association for the purchase and holding of land has been held to be a confidential relation upon which a constructive trust may be predicated. *Russell* v. *Wade*, (N. C.), 59 S. E., 345. *Butler* v. *Watrous*, (Ala.), 64 So., 346.

In *Gilpatrick* v. *Glidden*, supra, our court said:

"So for like reason, when one obtains the legal title to real or personal estate, either by will or otherwise, under circumstances which render it unconscientious for him to retain it for his own benefit,

while in fact another is entitled to it, or to some interest in it, equity secures to the latter his right, not by disregarding the former's legal title but by imposing on him the duty of holding and using his title for the real beneficiary."

To this there is a necessary qualification. A reading of the whole opinion so shows. To escape from the obligation of an express trust on the ground that it is not in writing may be "unconscientious." But the statute permits it and a court of equity cannot interfere. In order that a given case may be classified with constructive trusts there must appear to have been abuse, duress, mistake or fraud in some one of its multifarious forms. In the present case the defendant secured the unconscientious advantage which he seeks to retain by abusing the trust and confidence reposed in him by his son-in-law, who was his business associate.

The point is made that the plaintiff failed to make a tender before beginning his suit. The defendant having repudiated his trusteeship no tender was necessary.

> *Appeal dismissed.*
> *Decree below affirmed.*