[Civ. No. 16521. Second Dist., Div. One. Dec. 28, 1948.]

LUCILE McNEIL et al., Respondents, v. DOROTHY DAYTON DOW, as Administratrix, etc., Appellant.

Allan L. Leonard and Henry F. Walker for Appellant.

W. L. Pollard for Respondents.

YORK, P. J.—This is an appeal by the defendant, as administratrix of the estate of Alice Maud Dayton, deceased, from a judgment in favor of plaintiffs in an action to quiet title and declare a trust in respect to a parcel of realty, and directing said administratrix to execute and deliver to plaintiffs a deed to an undivided one-half interest therein.

The amended complaint alleges three causes of action, to wit: 1. That on October 21, 1935, the then owners conveyed

the realty here in controversy, "the title showing of record a one-half interest therein to plaintiffs, as joint tenants, and an undivided one-half interest in said Alice Dayton, now deceased"; that plaintiffs paid the full consideration demanded for said property, including the one-half interest appearing of record in Alice Dayton, as well as their own one-half interest; and paid all interest, taxes, assessments, liens, cost of repairs and general upkeep of said property; that plaintiffs are husband and wife, and plaintiff Lucile McNeil is the daughter of deceased.

2. That plaintiffs accepted and acted upon the statement of deceased that if they would pay the purchase price and upkeep of the said real property, she would leave to plaintiff Lucile McNeil by will the apparent one-half interest standing in the name of deceased, and in accordance therewith plaintiffs paid the purchase price of the one-half interest deeded to deceased; that the latter duly executed a will pursuant to said statement, but plaintiffs have been unable to find the same, and allege on information and belief that defendant is concealing the existence thereof or has destroyed the same.

3. The usual allegations for quiet title.

According to plaintiffs' testimony the property was purchased in October, 1935; that plaintiffs owned a lot but had no money. With $500 allowed on plaintiffs' lot and $850 of decedent's money a down payment was made on the realty, leaving a balance of $1,400 payable in installments. Prior to making the down payment, plaintiffs and decedent had a conversation in which decedent said she would lend them $850, she would will them the property, and when they repaid her the money she would deed it to them. An undivided one-half interest was taken in plaintiffs' names, as joint tenants, and the other one-half interest was taken in decedent's name. Final payment on the total amount of $890 was made by plaintiffs in August, 1944, prior to intestate's death on November 7, 1944.

The court found that on October 21, 1935, an undivided one-half interest in the real property here in controversy was conveyed to respondent Lucile McNeil and Mack McNeil as joint tenants, and an undivided one-half interest therein to Alice Dayton, the decedent.

That on said date the entire purchase price of said realty was paid by plaintiffs McNeil, and that said Alice Dayton received title to an undivided one-half interest as security

for the repayment of a loan of $850 made on the same day by her to plaintiffs, and that Alice Dayton held the said title as trustee for plaintiffs.

That prior to the death of Alice Dayton on November 7, 1944, plaintiffs repaid her the sum of $850, together with an additional $40 subsequently loaned to them by said Alice Dayton, and at the time of her death there was no sum owing and unpaid from plaintiffs under the agreement "whereby the said Alice Dayton held an undivided one-half interest in said property as security only for the repayment of the said loan, and that the title then held by said Alice Dayton was then held in trust for the" plaintiffs.

That subsequent to October 21, 1935, plaintiffs made all payments required to be paid on the purchase price of said realty together with interest, assessments, liens, cost of repairs and general upkeep, except for $40 advanced to plaintiffs by Alice Dayton, which was repaid to her prior to death; that prior to death of Alice Dayton, plaintiffs "were entitled to receive a deed from said Alice Dayton conveying to said Lucile McNeil and Mack McNeil the said undivided one-half interest in the said property taken by the said Alice Dayton as security for the repayment of said loan of $850 and held by said Alice Dayton after the payment of the said $850 plus $40 advanced subsequently, as Trustee for the said Mack McNeil and Lucile McNeil."

From the foregoing findings, the court concluded that plaintiffs were the owners of the property in question; that the estate of Alice Maud Dayton had no ownership therein, and that the administratrix of such estate should execute a deed conveying title therein to plaintiffs.

Judgment was entered accordingly.

Under the pleadings and proof in the instant cause, a resulting trust arose in favor of the plaintiffs pursuant to the rules enunciated as follows:

Section 853 of the Civil Code: "When a transfer of real property is made to one person, and the consideration therefor is paid by or for another, a trust is presumed to result in favor of the person by or for whom such payment is made."

Section 448, Restatement of Trusts: "Where the transferee advances the purchase price as a loan to another person, the transferee can hold the land as security for the loan. Although a resulting trust arises in favor of the borrower, the transferee cannot be compelled to transfer the property to the borrower until the borrower repays the loan."

There is no doubt, as contended by appellant, that the findings and judgment entered herein were based upon the first cause of action alleging a resulting trust in favor of plaintiffs. Appellant urges that respondents "relinquished any pretense, and are estopped to claim, that they had or merited any title, legal or equitable, in the one-half interest standing in decedent's name. On the contrary they confirmed and conclusively established that both legal and equitable title thereto was outside themselves." In this connection, it is asserted that "the evidence shows without contradiction that on July 30, 1945, prior to the filing of the instant proceeding, plaintiffs filed a claim against the estate for $2,365.00 which was partially allowed and partially rejected. Thereafter plaintiffs filed suit on the rejected claim. The claim, as presented and partially allowed and partially rejected, was for asserted work and labor done by plaintiffs or ordered by them to be done on the property—it being their contention that one-half of these charges and one-half of the value of their services were due from decedent on the theory that they had no interest in the undivided one-half interest standing in the name of decedent, but that the same belonged to decedent. The action on the claim is still pending . . . ."

In this regard, while appellant admits that the defense of estoppel was not pleaded by her, she urges that such failure to plead is not fatal where, as here, evidence is received and admitted without objection; hence the "failure of the trial court to make findings upon these material matters is prejudicial."

With respect to the question of estoppel, it was stated in *Ocean View Memorial Park* v. *Caminetti*, 59 Cal.App.2d 703, 711 [139 P.2d 674], as follows: "While a verified pleading filed by a party in one action is competent evidence against him in another case as an admission, it is not conclusive, and does not carry the effect of an estoppel of record. (*De Bock* v. *De Bock*, 43 Cal.App. 283 [184 P. 890] ; 10 Cal.Jur. p. 616, sec. 6.)"

As heretofore stated, the action on the rejected claim is still pending. The trial court in the instant trial had before it the file of the untried action on the claim and no doubt considered the allegations of the complaint therein which were admissible in evidence as admissions against interest. An examination of the record herein discloses that just prior to the time the instant cause was submitted for decision, counsel for appellant stated to the court: "At the

proper time we will seek leave to amend our answer to plead the estoppel pleaded by this probate case and the claim filed therein''; to which the court replied: ''I don't think it is necessary.'' At any rate, appellant at no time pleaded such estoppel. In the circumstances presented, the filing of the claim and the prosecution thereof in an action which is still pending, does not estop plaintiffs from maintaining the instant action to declare a trust. As a result, appellant suffered no prejudice by reason of the trial court's failure to make findings thereon.

Appellant further urges that the judgment cannot stand in the ''absence of essential parties to the proceedings.'' In this regard, it is asserted that ''if the facts found be true, each of decedent's heirs became an involuntary or constructive trustee of that portion of the property involved which vested in such heir immediately on decedent's death and, as to his or her respective undivided portion therein, was an essential or indispensable party to any action affecting such heir's title or interest in said property. . . . The intestate's personal representative, as such, does not have or acquire any 'title' to the property. However, a deed, made by the personal representative for and on behalf of the estate, is in effect a quit-claim deed. It operates not to convey 'title' of the personal representative but conveys to the grantee whatever title and interest the decedent had at death.''

Section 573 of the Probate Code provides as follows: ''*Power to sue and be sued.* [*Actions by or against representatives: . . . .*] Actions for the recovery of any property, real or personal, or for the possession thereof, or to quiet title thereto, or to determine any adverse claim thereon, and all actions founded upon contracts, may be maintained by and against executors and administrators in all cases in which the same might have been maintained by or against their respective testators or intestates . . . .''

Section 369 of the Code of Civil Procedure is to the effect that ''An executor or administrator, or trustee of an express trust, or a person expressly authorized by statute, may sue without joining with him the persons for whose benefit the action is prosecuted. A person with whom, or in whose name, a contract is made for the benefit of another, is a trustee of an express trust, within the meaning of this section.''

In 11B California Jurisprudence, page 425, section 992, it is stated: ''Trusts may be enforced in property standing in the name of a decedent which has come into the possession

of his representative (*Murphy* v. *Clayton*, 113 Cal. 153 [45 P. 267], and an action for that purpose may be maintained against the decedent in his lifetime (*Lathrop* v. *Bampton*, 31 Cal. 17 [89 Am.Dec. 141])."

In *Murphy* v. *Clayton, supra,* it was held that where land, the title to which was in a deceased person, was paid for one-half by the decedent and one-half by another person, such other person may enforce a resulting trust in one-half of the property as against the administrator and general creditors of the decedent.

In *Lathrop* v. *Bampton, supra,* it is stated at page 21 as follows: "As claimed by counsel for respondents there can be no doubt but that a Court of equity will enforce a trust against all persons, who with notice of the trust may come into possession of the trust property, in the same manner and with like force and effect as against the original trustee. Hence, if this action could have been maintained against Griffith in his lifetime, it may now be maintained against his executor."

There is not the slightest doubt that plaintiffs could have maintained an action against intestate during her lifetime to declare a trust in the property in question after they had repaid her the amount of the loan advanced by said intestate.

As stated in *Lezinsky* v. *Mason Malt W. D. Co.,* 185 Cal. 240, 244 [196 P. 884] : "The rule is too well established to admit of serious dispute that where property is acquired in the name of A but for a consideration furnished by B, it will be taken, in the absence of countervailing circumstances, that B is the real owner, and that A holds the title in his name as trustee merely, that is, there is a resulting trust with him as trustee and B as beneficiary."

Likewise in 11A California Jurisprudence, page 451, section 327: "Property held by decedent in trust for others in which he has no beneficial interest, or property received by him for the use or benefit of another, is not assets of his estate. If the property comes into the possession of the representative, he holds it upon the same terms as his testator or intestate held it, the trustee's legal title being void of any beneficial interest and the real ownership being in the beneficiary."

A suit by the equitable owner of property to establish his ownership and compel a conveyance "is a suit in equity." The suit "to enforce a trust in property, like a suit for specific performance of a contract to execute a conveyance, is virtually a suit in rem; and hence, if the trust property is

within the territorial jurisdiction of the court, it may be seized and restored to the equitable owner, although the trustee may remain beyond the boundary of the court's jurisdiction." (25 Cal.Jur. § 106, p. 239.)

In *Hillyer* v. *Hynes*, 33 Cal.App. 506, 510 [165 P. 718], an action brought against the administrator of the intestate, in discussing the question of the statute of limitations applicable thereto, the court stated: "We think, however, that while the main ground of the action is constructive fraud, and that one of its purposes is to enforce a trust, in its final purpose it is an action to recover the title and possession of real property, and is therefore subject to the provisions of section 318 of the Code of Civil Procedure. Accordingly the five-year period prescribed by that section is the only limitation which can be applied in bar of plaintiffs' cause of action. . . . It is the estate which in equity passed to the plaintiffs upon the death of Henry Romoser which they seek by this action to recover."

That the heirs of intestate were not indispensable parties to the instant proceeding finds some support in the following excerpt from the case of *Rundell* v. *McDonald*, 62 Cal.App. 721, 728 [217 P. 1082] (which was relied upon by the Supreme Court in *Bank of California* v. *Superior Court*, 16 Cal.2d 516, 525 [106 P.2d 879], cited by both parties herein):

"In passing upon appellant's contention that there is a fatal defect of parties defendant, it will not be necessary to decide whether an agreement to dispose of property by will may be enforced against the promisor's estate or personal representative, or whether it is enforceable against the heirs only. If it be enforceable against his estate or against his personal representative, then this appellant, who is sued as the administrator of his deceased wife's estate as well as individually, represents, in his capacity as administrator, the estate and the interests of all the heirs. If, on the other hand, as appellant contends, an action such as this can be maintained only against the heirs, appellant nevertheless is in no position to complain of any defect of parties defendant, since the decree cannot injudiciously affect the other heirs. Though the heirs succeeded to the legal title as tenants in 'common, they held their respective undivided moieties by several and distinct titles. The principle upon which courts of equity undertake to enforce the execution of an agreement to dispose of property in a particular way by last will and testament is one which is referable to the subject of specific performance.

But a court has no power to compel a person to execute a last will and testament carrying out an agreement to bequeath or devise his property, for this can be done only in the lifetime of the testator. No breach of the agreement can be assumed so long as he lives; and after his death he no longer is capable of doing the things agreed to be done by him. The theory on which the courts proceed, therefore, is to fasten a trust on the property in favor of the promisee, and to enforce such trust against the heirs of the deceased. Under this theory each heir holds the title to which he has succeeded in trust for the promisee. In the instant case the effect of the judgment against appellant as the surviving husband was to fasten a trust on the title to which he succeeded and to compel a conveyance of that title to respondent. If, as appellant contends, an action such as this lies only against the heirs of the deceased promisor and not against his estate or personal representative, then the judgment cannot be pleaded against any of the heirs as to whom the action was dismissed. It follows, therefore, that the decree in nowise affects the rights of appellant's coheirs, and that they were not indispensable parties to the action.''

For the reasons stated, the judgment appealed from is affirmed.

Doran, J., and White, J., concurred.