[Civ. No. 22028. Second Dist., Div. One. May 28, 1957.]

DORA HUYCK CONDAFFER, as Special Administratrix, etc., et al., Plaintiffs and Appellants, v. ELLETA HUYCK HOSKINSON, as Executrix, etc., et al., Defendants and Appellants.

Arden T. Jensen and Albert W. Meloling for Plaintiffs and Appellants.

Lawrence C. Grossman and Heckendorf & Schwab for Defendants and Appellants.

DRAPEAU, J. pro tem.*—In 1931 Walter S. Huyck owned a 40-acre ranch near Lompoc, in Santa Barbara County, California. He had a trust deed upon the ranch, securing

*Assigned by Chairman of Judicial Council.

the payment of his promissory note for $12,000 and interest. Payments on the debt being in default, the beneficiary directed sale of the real property, as required by the terms of the trust deed.

At this juncture, other members of the Huyck family, a sister-in-law and two brothers, came to Walter's rescue. They raised the money and paid off the note. Then Walter and his wife conveyed the ranch to the sister-in-law and two brothers, as joint tenants.

The complaint in this action alleges, and the evidence on the trial of it supports the allegation, that the grantees under the joint tenancy deed promised to hold title to the property for Walter's benefit, to apply the profits from crops on the ranch to the money they had advanced, and whenever it was repaid to them, to deed the ranch back to Walter. Thus we have the familiar legal allegation that a deed was in fact a mortgage, with a prayer in the complaint to impress a trust upon the property, and for an accounting.

As the years went by, Walter Huyck died, leaving his widow, Dora Huyck Condaffer, surviving (who later married), and one daughter, Elleta Huyck Hoskinson.

On the other side of the family the two brothers died, vesting title to the ranch in the sister-in-law, Augusta B. Huyck, as surviving joint tenant. But by her will she devised the property to two nephews and one niece, and not to Walter's widow or to her heirs.

Before the final decree of distribution in Augusta's estate was made, Walter Huyck's widow, Dora, brought this action, as special administratrix of her husband's estate, and in her individual capacity. Lis pendens was filed and recorded.

Thereafter the property was distributed by the probate court to Augusta's niece and nephews, as directed by her will. These people are not named in the complaint as parties defendant, the sole defendant being Augusta's executrix.

As commented upon in the briefs, the plaintiff administratrix, Dora, and the defendant executrix, Elleta, are mother and daughter. And Elleta is manifestly favorably inclined to plaintiff's case.

Upon the trial, evidence in support of plaintiffs' cause of action was presented, and the case was continued for further testimony in the form of depositions. It appearing that the trial judge was about to be elevated to the appellate bench, counsel agreed that the case be submitted for decision upon the evidence already taken, and waived the taking of the

depositions. Thereupon, the trial judge found for defendants, and judgment followed accordingly.

After the trial judge had taken office as justice of the District Court of Appeal, another superior court judge heard and granted plaintiffs' motion for a new trial.

Defendants appeal from the order granting the new trial, and plaintiffs appeal from the judgment against them.

Defendant appellant in support of her appeal from the order granting a new trial argues that the devisees under Augusta's will are necessary and indispensable parties to the action, and that the order granting a new trial should be reversed for the reason that they are not parties. But the cases cited in support of this argument, involving as they do, attempts to enforce a trust upon property distributed by will, contrary to an alleged promise to make a different will, are not controlling (See, *Bank of California* v. *Superior Court*, 16 Cal.2d 516 [106 P.2d 879]).

In any event it is not necessary to pass upon this contention, for the reason that no abuse of discretion appears in the order granting the new trial. As stated by our Supreme Court in *Mazzotta* v. *Los Angeles Ry. Corp.*, 25 Cal.2d 165, at page 169 [153 P.2d 338] : "It is well settled that the granting of a motion for a new trial rests so completely within the discretion of the trial judge that an appellate court will not interfere with his action unless a manifest and unmistakable abuse of discretion clearly appears."

But something should be said as to the parties to the action. ■ When property is held in trust by a decedent for others, the representative of that decedent in the probate court holds it upon the same terms as his testator held it, the real ownership being in the beneficiary of the trust. (*McNeil* v. *Dow*, 89 Cal.App.2d 370, 375 [200 P.2d 859].)

■ However, in view of the relationship between the plaintiff mother and defendant daughter, and in view of the fact that the defendant executrix clearly favors the plaintiffs' case, it will be in the interests of justice to direct that the niece and nephews be made parties to the action, and that they may have the right to appear and participate in the defense of it, if they are so advised. (Code Civ. Proc., § 389.)

The judgment is reversed; the order for a new trial is affirmed; and it is directed that the niece and nephews be made parties to the action and be served with process as required by law.

White, P. J., and Doran, J., concurred.