**Paula THOMAS**

v.

**Steven FALES, et al.**

Supreme Judicial Court of Maine.

Submitted on Briefs May 10, 1990.

Decided July 23, 1990.

Joseph M. Jabar, Daviau, Jabar & Batten, Waterville, for plaintiff.

Ronald L. Bishop, Waterville, for defendants.

Before McKUSICK, C.J., and ROBERTS, GLASSMAN and CLIFFORD, JJ.

CLIFFORD, Justice.

The defendant, Steven Fales, appeals from a judgment entered after a nonjury trial in the Superior Court (Kennebec County, *Wathen, J.*) imposing a constructive trust on real estate in Winslow for the benefit of the plaintiff Paula Thomas and ordering that the property be conveyed to her. We affirm the judgment.

Paula Thomas was formerly married to Charles Fales, the brother of Steven Fales, and she testified essentially as follows. During their marriage Charles sold illegal drugs and frequently had large amounts of cash resulting from those transactions. To avoid the increasing scrutiny of a neighbor, a police officer, who in 1983 began to monitor the activity at their rented house in Fairfield, Charles resolved to move, and decided on a home on Reynolds Road in Winslow which was to be purchased under a bond for deed.[1]

According to Thomas, to avert suspicion of Charles' drug activity, Charles prevailed upon his brother Steven to purchase the property in Steven's name. In September 1983, Steven signed the contract to purchase the real estate and the bond for deed was executed with Steven as the obligee.

Steven also signed the promissory note. Charles, however, provided Steven with the money for the down payment and Charles and Paula lived in the home, made all payments toward the purchase price, taxes and insurance, purchased appliances and made substantial improvements to the home.[2] Eventually, Paula separated from Charles, left the home and it was rented to a third party. In June of 1988, Paula was divorced from Charles and the divorce judgment awarded her all of their right, title and interest in the Winslow property.

Both Charles and Steven Fales contradicted Paula's testimony. They testified that Charles provided none of the down payment, which they stated was between $14,000 and $16,000. Rather, they maintained that the money belonged to Steven, that Steven was the actual purchaser and that he gave Charles an option to buy the home upon payment to Steven of the purchase price plus additional monies.

Paula brought this action in 1988 seeking the imposition of a constructive trust upon the Winslow property and an order that legal title be conveyed to her. After a full evidentiary trial, the court found by clear and convincing evidence that Charles provided the entire down payment, which the court determined to be $16,000, and that Paula and Charles resided in the house and paid all expenses related to it. The court further found that Steven purchased the property on behalf of Charles. The court concluded that the property was impressed with a constructive trust and, because Paula stands in the position of the beneficial owner by virtue of the divorce judgment, ordered Steven to convey the property to Paula subject to the interest of the obligors under the bond for deed. This appeal followed.

■ Steven first contends that the evidence is insufficient to support the court's findings and that the evidence does not support the imposition of a constructive trust. We disagree. A constructive trust

---

1. The sellers and obligors under the bond for deed are Joseph and Anita Poulin, who have been named defendants but have not actively participated in this case.

2. Steven lived in California for much of the time after 1983. Paula testified that he did live in the Winslow home for approximately three months in 1987, paying rent to Charles.

may be imposed when a party holding legal title to property stands in a fiduciary relation to another, resulting in an "equitable duty to convey [the property] on the ground that he would be unjustly enriched if he were permitted to retain it." *Restatement of Restitution* § 160, at 640–41 (1937). "A constructive trust may be imposed to do equity and to prevent unjust enrichment when title to property is acquired by fraud, duress or undue influence, or *is acquired or retained in violation of a fiduciary duty.*" *Chandler v. Dubey*, 325 A.2d 6, 8 (Me.1974) (emphasis added). A person can be found to stand in a fiduciary relation to another "when he has rights and duties that he is bound to exercise for the benefit of [another] person." *Wood v. White*, 123 Me. 139, 143, 122 A. 177 (1923) (quotations omitted). "Whenever one person is placed in such relation to another that he becomes interested for him ... in any subject of property ... he is prohibited from acquiring rights in that subject antagonistic to the person with those interests...." *Id.* (quotations omitted).

■ Here, the evidence supports the court's finding by clear and convincing evidence that Charles provided the money for the purchase and upkeep of real estate taken in Steven's name but for the benefit of Charles. The court's conclusion that Steven had an equitable duty to convey the property to Thomas, who succeeded to Charles's interest, in order to avoid the unjust enrichment of Steven is not clearly erroneous.[3]

■ Steven further contends that even if there were evidence to support the imposition of a constructive trust, an order requiring that the property be conveyed to Paula is excessive, and in any event, is precluded under equity's clean hands doctrine because of her knowledge of her husband's illegal drug transactions. We disagree. The court found that Steven's purchase of the property was financed entirely by Charles, with Charles providing the down payment and paying the monthly expenses. Were Steven allowed to retain the property in which he had no financial stake, he would be unjustly enriched and Paula Thomas, placed by the divorce court in the position of the beneficial owner, her former husband, would be unjustly deprived. *See Restatement of Restitution* § 160, comments (b)-(e).

Neither does the clean hands doctrine preclude the imposition of a constructive trust. Although equitable relief may be denied to a party who seeks to recover the fruits of unlawful acts, *Dunton v. Dunton*, 123 Me. 243, 246–47, 122 A. 629 (1923), there is no evidence of Paula's participation in any activity that might require the court to deny her relief. Though she had reason to believe that her husband was involved in the sale of illegal drugs,[4] there is nothing to indicate that Paula aided him in that activity or that she actively participated in the purchase of the real estate for the purpose of avoiding detection by law enforcement officials. *See* 27 Am.Jur.2d *Equity* §§ 138–141 (1966).

There was no clear error in the court's findings of fact, and no abuse of discretion in its imposition of a constructive trust.

The entry is:

Judgment affirmed.

All concurring.

---

3. The evidence would also support a finding that the Winslow property was subject to a resulting trust, an implied trust created when property is conveyed to one person and the

consideration is paid by another. *Wood v. White*, 123 Me. 139, 141, 122 A. 177 (1923).

4. Charles was eventually arrested in 1986 for drug-related activities.