STATE OF MAINE                         SUPERIOR COURT
PENOBSCOT, ss                          Docket No. AP-07-13

KMC -PEN- 9/10/ DONALD L. GARBRECHT LAW LIBRARY JAN 15 2008

DONNA SANDERS,                )
                             )
        Plaintiff            )
                             )      **DECISION AND ORDER**
v.                           )
                             )
ERIC CAMMACK, MICHAEL        )
CAMMACK & ALL OTHER          )
OCCUPANTS,                   )
                             )
        Defendants

FILED & ENTERED
SUPERIOR COURT

SEP 1 0 2007

PENOBSCOT COUNTY

This matter is before the Court on Appellants', Eric Cammack, Michael Cammack, and All Other Occupants, "Notice of Appeal on Questions of Law and Demand for Jury Trial *de novo*" pursuant to M.R. Civ. P. 80D(f). On April 4, 2007, District Court Judge Murray decided this matter in favor of the Plaintiff-Appellee, Donna Sanders. A subsequent decision on May 21, 2007, in response to Appellants' "Motion to Amend Judgment and Findings of Fact," affirmed the initial decision.

The District Court's decision was appealed, and in an earlier order, dated July 13, 2007, this Court addressed Appellants' challenges to the District Court findings of fact and legal conclusions raised on appeal. That Order was vacated by Order dated July 22, 2007. This Court now deals with the merits of Appellants' appeal, and reviews

1

their challenges to the District Court's evidentiary rulings and conclusions of law.

## DISCUSSION

### A. Appellants' Request for a Jury Trial *de novo*

An appeal by jury trial *de novo* is governed by M.R. Civ. R. 80D(f)(2). Pursuant to Rule 80D(f)(2)(A) the party seeking a jury trial must file a notice of appeal and includes a written demand for a jury trial along with an affidavit or affidavits setting "forth specific facts showing that there is a genuine issue of material facts as to which there is a right to a jury trial." The Superior Court then reviews any affidavits and the record to determine "whether there is a genuine issue as to material fact as to which there is a right to trial by jury." M.R. Civ. P 80(D)(f)(3).

Appellants filed a notice of appeal with a jury demand and a single affidavit of Michael Cammack (the Cammack Affidavit). While Appellants have complied with the procedural aspects of Rule 80D(f), they have failed to establish that a genuine issue of material fact exists as to which there is a right to a trial by jury. A material fact is one having the potential to affect the outcome of the suit. See Kenny v. Department of Human Services, 1999 ME 158, ¶ 3, 740 A.2d 560, 562. A genuine issue exists

2

when sufficient evidence supports a factual contest to require a fact finder to choose between competing versions of the truth at trial. See <u>Prescott v. State Tax Assessor</u>, 1998 ME 250, ¶ 5, 721 A.2d 169; <u>Burdzel v. Sobus</u>, 2000 ME 84, ¶ 6, 750 A.2d 573, 575.

A comparison of the Cammack Affidavit with Judge Murray's initial decision suggest that Judge Murray for all practical purposes adopted the facts put forth in the Cammack Affidavit. The paragraphs in the Cammack Affidavit and the findings of Judge Murray in accord are referenced below.

| Cammack Affidavit | District Court Decision (April 4, 2007) |
|---|---|
| ¶ 2 | ¶ 4 |
| ¶ 3 | ¶ 2+3 |
| ¶ 4 | ¶ 2 |
| ¶ 5 | pg 3 under analysis |
| ¶ 6 | ¶ 8 |
| ¶ 7 | ¶ 8 |
| ¶ 8 | ¶ 9 |
| ¶ 9 | ¶ 9 |
| ¶ 10 | ¶ 10 |

Because the District Court has already adopted the facts suggested in the Cammack Affidavit, there appears to be no dispute or issue as to the material facts. The Cammack Affidavit submitted in support of Appellants' request for a jury trial *de novo*, does not meet the required standard of showing that a genuine issue of

material fact exists.  Therefore, the appeal by a jury trial *de novo* under Rule 80D(f) is DENIED.

**B.    Challenges to the District Court's Evidentiary Rulings**

Appellants identified two erroneous evidentiary rulings in their "Notice of Appeal on Questions of Law and Demand for Jury Trial *de novo.*"

*1. Statements Made by Michael Cammack's Mother*

The first error involved statements made by Michael Cammack's mother.  Appellants point to the District Court's refusal to admit evidence of a conversation between Michael and his mother in 1995, during which his mother effectively said Michael could stay at her house, the Holden property, where Michael also lived, for his whole life.  (Hearing Tr. at 41-44 (April 3, 2007).)  This conversation was offered by Appellants as an exception to the hearsay rule as either, (1) a statement of family history, (2) a party admission and/or (3) a dying declaration.  All three exceptions are inapplicable for reasons stated below.

*a. Statement of Personal or Family History*

Statements of personal or family history are not excluded by the hearsay rule if such statements concern "the declarant's own birth, adoption, marriage, divorce, legitimacy, relationship by blood, adoption, or marriage, ancestry, or similar fact of personal or family history."

M.R. Evid. 804(b). The statements attributable to Michaels's mother do not address those facts covered by the family history exception. Rather, the statements demonstrate an intent to convey property. No foundation was laid or suggested to make this hearsay exception applicable.

### b. Party Admission

The suggestion that the District Court made a legal error by failing to admit the proffered testimony as an admission of a party opponent is also unfounded. Michaels's mother is not a 'party opponent' in this litigation, making M.R. Evid. 801(d)(2) inapplicable.

### c. Dying Declaration

Appellants' final argument is that the statement attributable to Michael's mother is admissible as a dying declaration. Statements made under the belief of impending death may be admissible if the declarant's death was "imminent." M.R. Evid. 804(b)(2). The foundational testimony reveals that Michael's mother died several months after the reported statement was made. (Hearing Tr. at 44-45 (April 3, 2007).) No other foundation was laid and the statements by Michael's mother were properly found not to qualify as a dying declaration.

The ruling to exclude the statements attributable to Michael Cammack's mother was consistent with the Rules of Evidence and did not represent legal error.

### 2. *Statements Made by Appellee, Donna Sanders*

The second evidentiary error identified by Appellants was that "the court sustained the Plaintiff's objection to admission into evidence of a statement the plaintiff [Donna Sanders] made to Eric Cammack revoking the Notice to Quit." The record reflects that Michael Cammack attempted to testify about statements made by Donna Sanders to Michael's son, Eric. (Hearing Tr. at 59-60 (April 3, 2007).) Had Michael been present when the statements were made, such statements may have qualified as an inconsistent statement by the Appellee (See M.R. Evid. 801(d)(1)). Michael, however, was not present when Donna spoke to Eric. (Hearing Tr. at 61 (April 3, 2007).) Therefore, any testimony by Michael as to statements made to Eric would have been about out of court statements made by someone other than Michael and offered for the truth of the matter. As such, Michael's testimony as to statements made by Donna Sanders was hearsay pursuant to M.R. Evid. 801(c) and inadmissible under M.R. Evid. 802. The evidentiary ruling of the District Court Judge was correct.

### C. Challenges to the District Court's Conclusions of Law

Appellants also suggest in their appeal that the District Court made erroneous conclusions of law.

1. Appellants challenge the conclusion that there was insufficient evidence to support a finding of an agreement that conveyed any interest in the Holden property to Appellants. The District Court's conclusion that absent a written agreement, the Statute of Frauds (33 M.R.S.A. §51) precludes Appellants' interest in the Holden property being beyond a tenancy at will, is supported by competent evidence on the record and the application of the law to that evidence.

2. Appellants also challenge the conclusion that there was insufficient evidence as a matter to law to establish or impose a constructive trust. A constructive trust is an equitable remedy applied when unjust enrichment is demonstrated or when title to property has been acquired through duress, fraud, undue influence or violation of a fiduciary duty. Thomas v. Fales, 577 A.2d 1181 (Me. 1990). Here, there is no dispute that Appellee acquired title to the Holden property from the estate of her mother. The record on appeal reveals no evidence of fraud, duress or undue influence to the detriment of Appellants. Likewise, even if a fiduciary duty could be found to exist with respect to the CD's from the mother's estate that were

reportedly used to pay taxes and insurance, there is no dispute that the money was used to defray insurance and tax expense while it lasted and that money was exhausted before this action was filed. Any pre-existing fiduciary duty would have terminated at that time. The legal conclusions of the District Court Judge, on the facts, that there was insufficient evidence to establish or impose a constructive trust is supported by the law as applied to these facts.

3. While there was argument as to the revocation of the Notice to Quit, the record does not support a fact basis that the Notice to Quit was revoked. The District Court was correct that it had jurisdiction in this matter.

For all of the above reasons, the District Court was correct that the Plaintiff was entitled to relief under the laws governing forcible entry and detainer actions.

## CONCLUSION

Having reviewed the record and arguments in this matter the appeal is hereby DENIED.

The clerk is directed to enter a docket entry in this matter pursuant to M.R. Civ. P. 79(a) and provide a copy of this decision to the parties.

Dated: September 7, 2007

_____
Justice
Kevin M. Cuddy

A TRUE COPY
ATTEST: _____
CLERK

8

Date Filed __6/11/07__ __PENOBSCOT__ Docket No. __AP-2007-13__
County

Action __DISTRICT COURT APPEAL__
        Forcible Entry and Detainer
        ASSIGNED TO JUSTICE KEVIN M. CUDDY

ERIC CAMMACK,
MICHAEL CAMMACK, and all other occupants
DONNA SANDERS                        vs.    of Brewer, Maine

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| Peter Baldacci, Esq<br>P O Box 1718<br>Bangor, ME  04402-1718 | Sean Ociepka, Esq<br>Disability Rights Center<br>24 Stone Street<br>Augusta, ME  04338-2007<br>For: Michael Cammack |