Hillsborough,
No. 4662.

IN RE ARMAND O. MASON.

Argued June 4, 1958.

Decided June 20, 1958.

*Louis C. Wyman*, Attorney General, *Warren E. Waters*, Deputy Attorney General, and *Dort S. Bigg*, Law Assistant (*Mr. Waters* orally), for the State.

*Alfred Catalfo, Jr.* (by brief and orally), for the defendant.

WHEELER, J. The pertinent provisions of the discretionary section of the Sexual Psychopath Act (RSA 173:3 II (1) ) applicable here provide "Whenever facts are presented to the *county solicitor* which satisfy him that good cause exists for judicial inquiry as to whether a person is a sexual psychopath he may prepare a petition setting forth such facts and requesting a court to conduct an inquiry into the condition of such person.

The petition shall be *executed and verified* by a person having knowledge of the facts on which it is based." (Emphasis supplied).

The State concedes that the petition is not properly verified and the petition must be dismissed for this reason. "This verification did not meet the statutory requirement of 'knowledge of the facts,' because neither the petition nor the verification indicates what facts alleged are based upon knowledge and what upon belief." *In re Craft,* 99 N. H. 287, 291. "Unless the facts recited in the petition are limited to those within the affiant's personal knowledge, they cannot be properly evaluated either by the solicitor in exercising his discretion or by the Court in determining the reasonableness with which that discretion has been exercised." *Id.*

We deem it advisable, because uncertainty may exist in future cases of this character, to consider other points raised in the motion to dismiss. In the instant case the petition was signed by an Assistant Attorney General and joined in by the solicitor. Such execution was a substantial compliance with the statute.

The Warden of the State Prison is required to "safely keep" all convicts committed to his custody "until discharged according to law." RSA 622:7. We are of the view that it was within his implied authority and a reasonable course of conduct to ascertain if this prisoner, prior to release, was safe to be at large.

It was not improper to receive evidence of the defendant's sexual deviations which occurred prior to the passage of the act. See RSA 173:5 III. "The discretionary inquiry under which the defendant was committed (section 3 II) is not retrospective merely because it considers the past history of the person involved." *In re Moulton,* 96 N. H. 370, 374.

The petition is dismissed without prejudice to new proceedings.

*Petition dismissed.*

All concurred.