2009 ME 105

**Donald J. CASSIDY et al.**

v.

**Wendy M. CASSIDY et al.**

Supreme Judicial Court of Maine.

Submitted On Briefs: Sept. 30, 2009.

Decided: Oct. 27, 2009.

Evan Smith, Esq., Powers & French, P.A., Freeport, ME, Attorney for Wendy Cassidy.

Ervin Snyder, Esq., Snyder & Jumper, Wiscasset, ME, for Donald and Lorraine Cassidy.

Panel: SAUFLEY, C.J., and ALEXANDER, LEVY, SILVER, MEAD, GORMAN, and JABAR, JJ.

ALEXANDER, J.

[¶ 1]  Wendy M. Cassidy appeals from a judgment entered in the District Court (Lewiston, *Wheeler, J.*) in favor of Donald J. and Lorraine V. Cassidy following a jury-waived trial on Donald and Lorraine's complaint for an implied trust.[1]  Wendy

---

1.  As a result of scheduling coordination between the District Court and the Superior Court, the trial was held at the Superior

argues that there is insufficient evidence in the record to support the court's judgment, and that the court erred in entering a judgment in favor of Steven J. Cassidy on her cross-claim against him for contribution and/or indemnification. We affirm the judgment.

## I. FACTS AND PROCEDURE

■ [¶ 2] On a sufficiency of the evidence challenge, we will review the evidence in the record most favorably to the trial court's judgment. *Pratt v. Spaulding*, 2003 ME 56, ¶ 10, 822 A.2d 1183, 1186. The facts here are stated from that perspective. Steven and Wendy Cassidy were married. In 2005, they agreed with Steven's parents, Donald and Lorraine Cassidy, that Donald and Lorraine would sell their home and come to live in an in-law apartment to be built on Steven and Wendy's property in Durham. Donald and Lorraine were retired, ailing, and having trouble maintaining their home, and Steven and Wendy agreed to take care of Donald and Lorraine for the rest of their lives. Donald and Lorraine sold their home and contributed the $130,000 net proceeds of the sale to the cost of constructing the apartment. Apparently, all of that money has been spent.

[¶ 3] In November of 2006, Donald and Lorraine moved into the unfinished apartment. The parties intended that construction of the apartment would be completed in the spring of 2007. In February 2007, however, Wendy initiated divorce proceedings against Steven and demanded that Donald and Lorraine vacate the apartment. Construction on the apartment was never finished, and the court found that the unfinished apartment has a current "as is" value of $78,000.

[¶ 4] Donald and Lorraine filed a complaint in equity in the District Court, seeking a judgment that Steven and Wendy hold the apartment in a resulting trust and a monetary award equal to the enhanced value of the property as a result of their investment in the property. Steven answered Donald and Lorraine's complaint by admitting all allegations and requesting a judgment that a trust exists to benefit his parents. Wendy denied the allegations in the complaint and cross-claimed against Steven for contribution and/or indemnification.

[¶ 5] By a divorce judgment dated July 10, 2007, Wendy was awarded the entire parcel of property and everything related to the real estate except some personal property of unspecified value that was awarded to Steven. The divorce judgment was issued following a hearing at which Steven failed to appear.

[¶ 6] Donald and Lorraine's complaint was heard in a jury-waived trial in October 2008. Following the close of their case-in-chief, Donald and Lorraine made a motion to amend their complaint to include a cause of action for a constructive trust. The court granted the motion over Wendy's objection. After the trial, the court found that Wendy holds the value of the apartment in a resulting trust or a constructive trust to benefit Donald and Lorraine in the amount of $66,200. The court calculated this amount by offsetting the $78,000 value of the unfinished apartment with the $11,800 in personal property that Steven purchased using his parents' money, and ordered the return of that personal property to Donald and Lorraine. The court also found in favor of Steven on Wendy's cross-claim, based on Wendy's sole ownership of the property pursuant to the parties' divorce. Wendy appealed.

Court, but the case remained a District Court matter.

## II. LEGAL ANALYSIS

[¶ 7] Wendy challenges the sufficiency of the evidence supporting the court's determination that a constructive trust or a resulting trust exists to benefit Donald and Lorraine.[2] We evaluate the court's factual findings for clear error, and we review its ultimate decision de novo. *Daigle Commercial Group, Inc. v. St. Laurent*, 1999 ME 107, ¶ 13, 734 A.2d 667, 672.

[¶ 8] We address only the constructive trust issue. "A constructive trust may be imposed to do equity and to prevent unjust enrichment when title to property is acquired by fraud, duress, or undue influence, or is acquired or retained in violation of a fiduciary duty." *Baizley v. Baizley*, 1999 ME 115, ¶ 6, 734 A.2d 1117, 1118 (quotation marks and alteration omitted). Thus, a constructive trust may be imposed when "a person holding title to property is subject to an equitable duty to convey it to another on the ground that he would be unjustly enriched if he were permitted to retain it." *Id.* "A constructive trust is an equitable remedy imposed by the court regardless of the parties' intentions in order to prevent unjust enrichment." *Corey v. Corey*, 2002 ME 132, ¶ 10, 803 A.2d 1014, 1017. In the context of a constructive trust, a fiduciary relationship exists when one party "has rights and duties that he is bound to exercise for the benefit of [another]." *Wood v. White*, 123 Me. 139, 143, 122 A. 177, 179 (1923) (quotation marks omitted).

[¶ 9] The court determined that a constructive trust was created by virtue of Wendy and Steven's fiduciary relationship to Donald and Lorraine arising from their promise to act in Donald and Lorraine's best interest in using Donald and Lorraine's funds to create an apartment for Donald and Lorraine to occupy for the rest of their lives. More specifically, the court found that Donald and Lorraine invested the proceeds from the sale of their home in Wendy and Steven's property, and that Wendy and Steven abused that confidence when "they, and in particular, Wendy, [sought] to retain [that advantage]."

[¶ 10] The evidence presented at trial amply supports these findings. A constructive trust is the proper remedy to be awarded in such circumstances. Although it is unclear from the record whether Wendy ever had any access to the bank account into which Donald and Lorraine placed their investment for use for the apartment renovations, the record demonstrates that Wendy was fully aware of the transfer of those funds, the purpose of those funds, and the manner in which those funds were being used to enhance property that she co-owned and, after the divorce, solely owned. Wendy sought to retain the benefit of Donald and Lorraine's substantial investment in what became her property when she required them to leave her property without compensating them for that investment. The court properly determined that this was an unjust result. Further, contrary to Wendy's contention, there is sufficient evidence in the record to support the court's valuation of the apartment. *See Brown v. Habrle*, 2008 ME 17, ¶ 10, 940 A.2d 1091, 1094. We do not disturb the court's finding of a constructive trust or its calculation of the value of that trust.[3]

**2.** We discern no error in the court's decision to allow Donald and Lorraine to amend their complaint mid-trial to add a count for a constructive trust. *See* M.R. Civ. P. 15(b); *Bernier v. Merrill Air Eng'rs*, 2001 ME 17, ¶ 22, 770 A.2d 97, 105. No new or different evidence was required to support the constructive trust claim, and Wendy had ample opportunity to present evidence and argument after the amendment was allowed.

**3.** Because we affirm the court's finding that Wendy holds a constructive trust to benefit

The entry is:

Judgment affirmed.

Donald and Lorraine, we need not consider the court's alternative finding that Wendy holds Donald and Lorraine's investment in a resulting trust. We express no opinion on whether the record supports a finding of a resulting trust in this case. *See Thomas v. Fales*, 577 A.2d 1181, 1183 n. 3 (Me.1990) (stating that when a party purchases property with another's funds, a resulting trust exists to benefit the one who provided the funds).

In addition, given Wendy's sole ownership of the property at issue pursuant to the divorce judgment, and thus Wendy's sole benefit from the value added to the property, we also do not disturb that portion of the court's judgment finding in favor of Steven on Wendy's cross-claim for contribution and/or indemnification. *See Daigle Commercial Group, Inc. v. St. Laurent*, 1999 ME 107, ¶ 13, 734 A.2d 667, 672.