STATE OF MAINE                                          SUPERIOR COURT
CUMBERLAND, ss                                          CIVIL ACTION
                                                        DOCKET NO. RE-16-010

ELEANOR DOUGLASS,

          Plaintiff
                                    STATE OF MAINE
                              Cumberland, ss  Clerk's Office              ORDER
v.
                                      AUG 24 2017
                                       10:28 a.m.
MARGARET GRAFFAM,                    RECEIVED

          Defendant


          In this action plaintiff Eleanor Douglass seeks to set aside her conveyance of a residence

in Parsonsfield to defendant Margaret Graffam. The amended complaint alleges four causes of

action: (1) a statutory claim of undue influence under the Improvident Transfer of Title statute,

33 M.R.S. § 1021 et seq., (2) a claim for breach of fiduciary duty, (3) a claim of unjust

enrichment, and (4) a non-statutory claim of undue influence.

          Before the court are four motions by Graffam: a motion for summary judgment, two

related motions in limine, and a motion to strike Douglass's jury trial demand.


Summary Judgment

          Summary judgment should be granted if there is no genuine dispute as to any material

fact and the movant is entitled to judgment as a matter of law. In considering a motion for

summary judgment, the court is required to consider only the portions of the record referred to

and the material facts set forth in the parties' Rule 56(h) statements. *E.g., Johnson v. McNeil*,

2002 ME 99 ¶ 8, 800 A.2d 702. The facts must be considered in the light most favorable to the

non-moving party. *Id.* Thus, for purposes of summary judgment, any factual disputes must be

resolved against the movant. Nevertheless, when the facts offered by a party in opposition to summary judgment would not, if offered at trial, be sufficient to withstand a motion for judgment as a matter of law, summary judgment should be granted. *Rodrigue v. Rodrigue*, 1997 ME 99 ¶ 8, 694 A.2d 924.

In this case, as discussed below, whether there are genuine disputes of material fact for trial depends to some degree on whether Graffam is correct that certain evidence offered by Douglass should be excluded pursuant to the motions in limine that Graffam has filed.[1]

Improvident Transfer of Title – Count I of Amended Complaint

Eleanor's primary claim is based on the statute applicable to claims for improvident transfers of title, 33 M.R.S. § 1022(1), which provides in relevant part as follows:

> In any transfer of real estate . . . for less than full consideration . . . by an elderly person who is dependent on others to a person with whom the elderly dependent person has a confidential or fiduciary relationship, it is presumed that the transfer . . . was the result of undue influence, unless the elderly dependent person was represented in the transfer . . . by independent counsel.

That section goes on the provide that if the presumption of undue influence is successfully raised and the transferee fails to rebut the presumption, the elderly dependent person is entitled to avoid the transfer.

Sections 1021 and 1022 of Title 33 provide definitions of the relevant statutory terms, including "dependent," "confidential or fiduciary relationship," and "independent counsel." 33 M.R.S. §§ 1021(1), 1021(3), 1022(2).

---

[1] In this order Douglass will subsequently be referred to as "Eleanor" because evidence has also been offered in affidavits from her son John Douglass and daughter in law Kathleen Douglass. For purposes of symmetry, Graffam will subsequently be referred to as "Margaret."

In this case there is no dispute that Eleanor, who was 91 years old when she transferred the Parsonsfield property to Margaret, was elderly. 33 M.R.S. § 1021(2). There is also no dispute that Eleanor transferred the Parsonsfield property for less than full consideration. 33 M.R.S. § 1021(4). The remaining issues with respect to count I are whether Eleanor was "dependent on others" within the meaning of §§ 1021(1), whether Margaret was someone with whom Eleanor had a confidential or fiduciary relationship within the meaning of §1022(2), and whether Eleanor was represented by independent counsel within the meaning of § 1021(3).

The court has reviewed the summary judgment record and concludes that there is a factual dispute for trial as to whether Eleanor qualifies as a "dependent" person under 33 M.R.S. § 1021(1). That provision defines "dependent" in pertinent part as

> Wholly or partially dependent upon one or more other persons for care or support, either emotional or physical, because the elderly person
>> (A) Suffers from a significant limitation in mobility, vision, hearing emotional or mental functioning, or the ability to read or write . . . .

Eleanor has offered evidence in the form of an affidavit from her son John that he has observed she has great difficulty making decisions and relies on her sons to make decisions for her and to protect her interests.

Although Margaret argues in a motion in limine that such evidence should be excluded because John Douglass is not (and was not designated as) an expert, expert testimony is not necessary to prove a significant limitation in mental functioning. Such a limitation can be proven by lay witness testimony so long as that testimony does not consist solely of a conclusory opinion but is based on specific instances of conduct.[2] *See McCollor v. McCollor,* 2014 ME 39 ¶

---

[2] Accordingly, Margaret's motion in limine to exclude testimony by John Douglass and perhaps others as to whether Eleanor had a significant limitation in mental functioning is denied without prejudice to

3

14, 87 A.3d 761 ("dependency" proven without expert testimony). The evidence offered in John Douglass's affidavit is based on specific instances of conduct and raises a genuine issue for trial as to whether Eleanor was dependent because she had a significant limitation in her ability to make decisions affecting her interests.

The court also concludes that, at least for purposes of the improvident transfer of title statute, a confidential or fiduciary relationship existed between Eleanor and Margaret. The statute broadly defines such a relationship as including any close relationship with an elderly dependent person, including any confidential or fiduciary relationship and even a relationship with a friend or neighbor. 33 M.R.S. §§ 1022(2)(B), (H). As set forth below, it appears that a fiduciary relationship existed under the Probate Code. Moreover, although there is contrary evidence in the record,[3] the evidence offered by Eleanor that she took vacations with Margaret before her brother's death and that Margaret took her to hair appointments and shopping is sufficient to demonstrate a triable issue as to whether there was a sufficiently close relationship under § 1022(2)(H).

Finally, the court concludes that there is a disputed issue for trial as to whether Eleanor was represented by independent counsel. *See, e.g.,* Deposition of Attorney Marsha Weeks Traill at 49-50 (testimony that when she prepared the deed from Eleanor to Margaret, Attorney Traill was not representing either party).

Because Eleanor has demonstrated the existence of factual issues for trial as to whether she is entitled to benefit from the presumption in the Improvident Transfer of Title statute, Margaret's summary judgment motion can only be granted as to Count I of the complaint if the

---

renewal to any testimony that lacks an adequate foundation, crosses the line into expert opinion, or is otherwise inadmissible.

[3] In her deposition Eleanor described Margaret as an "acquaintance."

4

summary judgment record conclusively rebuts the existence of any undue influence on Margaret's part. On that issue, although Eleanor has not offered any direct testimony that she was subjected to undue influence, there is at least circumstantial evidence raising a genuine issue for trial. Accordingly, Margaret's motion is denied as to count I of the amended complaint.

Breach of Fiduciary Duty – Count II of Amended Complaint

Count II of Eleanor's amended complaint asserts a cause of action against Margaret for breach of fiduciary duty. In order to pursue a common law claim for breach of fiduciary duty a plaintiff must demonstrate that a confidential or fiduciary relationship existed. That requires (1) the actual placing of trust and confidence by the plaintiff in the alleged fiduciary and (2) a great disparity or power and influence, leading together to the letting down of all guards and defenses. *See Oceanic Inn Inc. v. Sloan's Cove LLC,* 2016 ME 34 ¶ 18, 133 A.3d 1021; *Ruebsamen v. Maddocks*, 340 A.2d 31, 35 (Me. 1975).

In this case, Eleanor has failed to demonstrate that there is a genuine issue of fact for trial as to whether she actually placed her trust and confidence in Margaret. At her deposition Eleanor described Margaret as "more of an acquaintance than a friend." Douglass Dep. 9. Asked if she had a special relationship with Margaret, she answered, "Just casual, I guess." Douglass Dep. 35. Eleanor testified that Margaret did not take care of her, handle her grocery shopping, or pay her bills. She testified that she did not rely on Margaret for her day to day living. Finally and most significantly, she testified that she did not depend on Margaret to make decisions for her. Douglass Dep. 34-35.

5

Indeed, Eleanor's statement of material facts admitted without qualification that "Eleanor Douglass did not depend on Margaret Graffam to make decisions for her." Graffam SMF ¶ 17 (admitted).

Eleanor's primary argument, however, is not that she has established the elements of a common law claim for breach of fiduciary duty but rather that a statutory fiduciary duty arose by virtue of Margaret's role as personal representative of Donald Gregory's estate, of which Eleanor was the beneficiary. Under 18-A M.R.S. § 3-703(a) a personal representative is a fiduciary subject to the statutory requirements applicable to trustees in 18-B M.R.S. § 802. Section 802 makes transactions involving trust property with a trustee voidable unless the beneficiary consents, § 802(2)(D), and makes transactions between a trustee and a beneficiary voidable unless the trustee can establish that the transaction was fair to the beneficiary. § 802(4). There are issues of fact for trial on (1) whether the almost simultaneous transfers of the Parsonsfield residence from the estate to Eleanor and from Eleanor to Margaret meant that the Parsonsfield residence should be considered trust property, (2) whether Eleanor's consent was obtained by undue influence, and (3) whether the transaction was fair to Eleanor.

Accordingly, while Eleanor has not demonstrated the existence of any issues for trial to the extent that she is asserting a common law claim for breach of fiduciary duty, Margaret is not entitled to summary judgment on Count II to the extent that Eleanor is asserting a claim for breach of fiduciary duty under the Probate Code.

Undue Influence – Count IV of Amended Complaint

Count IV of Eleanor's amended complaint alleges a claim of undue influence independent of her claim under the Improvident Transfer of Title statute. Undue influence is

6

defined as "unfair persuasion of a party who is under the domination of the person exercising the persuasion or who by virtue of the relationship between them is justified in assuming that that person will not act in a manner inconsistent with [her] welfare." *Cote v. Cote,* 2016 ME 94 ¶ 14, 143 A.2d 117, quoting *Theriault v. Burnham,* 2010 ME 82 ¶ 6, 2 A.3d 324.

Eleanor argues that she is entitled to a presumption of undue influence even without the benefit of the Improvident Transfer of Title statute. However, absent the statute such a presumption would only apply if Eleanor is able to demonstrate that a confidential or fiduciary relationship existed based on the actual placing of trust and confidence in Margaret and the existence of a great disparity of position and influence in the relationship between them. *Cote v. Cote,* 2016 ME 94 ¶ 14; *Albert v. Albert,* 2015 ME 5 ¶ 8, 108 A.3d 388; *Theriault v. Burnham,* 2010 ME 82 ¶ 6. In this case, for the reasons stated above, Eleanor has not demonstrated that there is a genuine dispute for trial on whether she actually placed trust and confidence in Margaret and let down all guards and defenses. Nor is there any evidence suggesting that Eleanor was under Margaret's domination.

However, even without the benefit of a presumption on this cause of action, the summary judgment record demonstrates that there is circumstantial evidence which, construed in Eleanor's favor, demonstrates that there are issues for trial on whether Margaret engaged in unfair persuasion and whether Eleanor was justified in assuming that Margaret would not act in a manner inconsistent with Eleanor's welfare. If Eleanor prevailed on those issues, it would lead to inquiry as to whether the transaction was fair to Eleanor. This is sufficient to allow Eleanor to proceed to trial on this count of the complaint. Although Eleanor would have the burden of proof on this claim, Margaret is not entitled to summary judgment on count IV.

## Unjust Enrichment – Count III of Amended Complaint

Count III of the amended complaint is a claim for unjust enrichment. In order to prevail on a claim for unjust enrichment, Eleanor would have to prove (1) that she conferred a benefit on Margaret, (2) that Margaret had appreciation or knowledge of the benefit, and (3) that the circumstances would make it inequitable for Margaret to retain the benefit without payment of its value. *E.g., Estate of Anderson,* 2010 ME 10 ¶ 10, 988 A.2d 977.

Eleanor does not argue that she would offer any additional evidence on her unjust enrichment claim than the evidence she would offer on her other claims. However, in response to the argument that her unjust enrichment claim should be dismissed as duplicative, Eleanor points out that under the Improvident Transfer of Title statute and under the Probate Code she would be limited to relief setting aside the transfer of the Parsonsfield property. She would also be limited to equitable relief in the form of a constructive trust on her independent claim for undue influence.

In contrast, although unjust enrichment is also an equitable claim, monetary relief would potentially be available for unjust enrichment. Accordingly, while Eleanor will have to elect her remedy at some point, her unjust enrichment claim will not be dismissed at the summary judgment stage.

## Motion in Limine – MaineCare

Margaret has filed a motion in limine to exclude evidence with respect to the possible impact of the transfer of the Parsonsfield residence on Eleanor's eligibility for nursing home care under MaineCare. There is no evidence that either Eleanor or Margaret considered or discussed

MaineCare at the time of the transfer, and the court agrees with Margaret that Eleanor's state of mind cannot have been affected by something that she was not aware of and did not give any thought to.

However, as discussed above, a potential issue for trial under certain of Eleanor's claims would be whether the contested transaction was fair to Eleanor. Any potential MaineCare implications of the transfer would be relevant to that issue. Accordingly, the motion in limine to exclude evidence of the possible impact of the transaction on MaineCare eligibility is denied.

Defendant's Motion to Strike Jury Demand

Arguing that all of Eleanor's claims seek equitable relief,[4] Margaret has moved to strike Eleanor's jury demand. Counsel for Eleanor had previously characterized her claim for breach of fiduciary duty as a claim for equitable relief but opposed the motion to strike by arguing that it was also potentially a legal claim for damages on which Eleanor would be entitled to a jury.

Counsel for Eleanor stated that once the case was put on a trial list he would notify the court whether her claims at trial would be legal or equitable.[5] For the reasons set forth above, Margaret's motion for summary judgment dismissing Eleanor's common law claim for breach of fiduciary duty has been granted, and Eleanor is only entitled to equitable relief on her remaining claim for breach of fiduciary duty under the Probate Code.

---

[4] The relief available under the Improvident Transfer of Title statute and under the fiduciary provisions of the Probate Code is expressly limited to equitable relief. *See* 33 M.R.S. § 1023(2); 18-B M.R.S. § 802(2); 18-B M.R.S. § 802(4). The remedy for a plaintiff who proves that property was acquired by undue influence is the equitable remedy of a constructive trust over the property in question. *Cassidy v. Cassidy,* 2009 ME 105 ¶ 8, 982 A.2d 326. Finally, unjust enrichment is an equitable claim on which there is no right to a jury trial. *E.g., Cummings v. Bean,* 2004 ME 93 ¶ 9, 853 A.2d 221; *Bowden v. Grindle,* 651 A.2d 347, 351 (Me. 1994).

[5] Although the case is now on the September-October trial list, no such notification has been received.

9

Since all of the claims that will proceed to trial are equitable, defendant's motion to strike Eleanor's jury trial demand is granted, and the case will be tried to the court.

The entry shall be:

1. Defendant's motion for summary judgment is granted with respect to plaintiff's common law claim for breach of fiduciary duty. In all other respects, including plaintiff's claim for breach of fiduciary duty under the Probate Code, defendant's motion for summary judgment is denied.

2. Defendant's motions in limine are denied. This denial is without prejudice to defendant's right to renew her objection to any opinion testimony from John Douglass or any other witness that lacks an adequate foundation, crosses the line into expert opinion, or is otherwise inadmissible.

3. Defendant's motion to strike plaintiff's jury trial demand is granted.

4. The clerk shall incorporate this order in the docket by reference pursuant to Rule 79(a).

Dated: August 2 4 , 2017

Thomas D. Warren
Justice, Superior Court

Plf.

Kurt Olafsen Esq
Olafsen & Butterfield LLC
75 Pearl St Suite 215
Portland ME 04101

Def.

Timothy Norton Esq
Kelly Remmel & Zimmerman
PO Box 597
Portland ME 04112-0597